UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

------------------------------------------------------x

| | | |
|---|---|---|
| LAWRENCE FULTZ, | : | |
| an individual, | : | CASE NO.: |
| | : | |
| Plaintiff, | : | |
| | : | Judge: |
| vs. | : | |
| | : | |
| | : | Magistrate: |
| | : | |
| BRACKLEY-STUMPF PROPERTIES | : | |
| III, L.L.C., | : | |
| | : | |
| | : | |
| Defendant. | : | |

------------------------------------------------------x

## COMPLAINT

"I now lift my pen to sign this Americans with Disabilities Act and say: Let the shameful wall of exclusion finally come tumbling down. God bless you all."

- President George H. W. Bush, July 26, 1990

Plaintiff, LAWRENCE FULTZ, by and through his undersigned counsel, hereby files this Complaint and sues BRACKLEY-STUMPF PROPERTIES III, L.L.C. (hereinafter referred to as "DEFENDANT"), for declaratory and injunctive relief, attorneys' fees, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.*, and alleges:

## JURISDICTION AND PARTIES

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans With Disabilities Act, 42 U.S.C. § 12181 *et seq.* (hereinafter referred to as the "ADA"). This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

3. Plaintiff, LAWRENCE FULTZ, (hereinafter referred to as "MR. FULTZ"), is a resident of

Jefferson Parish, Louisiana. MR. FULTZ resides only two (2) miles away from the facility which is the subject of this action.

4.  MR. FULTZ is a qualified individual with a disability under the ADA. MR. FULTZ is an amputee at the left leg from the hip down.

5.  Due to his disability, MR. FULTZ is substantially impaired in several major life activities and requires a wheelchair for mobility or crutches for mobility.

6.  Upon information and belief, DEFENDANT is a limited liability company organized in the State of Louisiana and doing business in Jefferson Parish.

7.  Upon information and belief, DEFENDANT is domiciled at 817 Hickory Avenue, Harahan, Louisiana 70123.

8.  Upon information and belief, DEFENDANT is the owner of the real properties and improvements that are the subject of this action, to wit: the Lapalco Plaza located at 5029-5037 Lapalco Boulevard, Marrero, Louisiana 70072. (hereinafter referred to as "the Property").

9.  The Property is a shopping center and contains such tenants as Cox Communications, Inc.

10. DEFENDANT is obligated to comply with the ADA.

11. All events giving rise to this lawsuit occurred in the Eastern District of Louisiana, Jefferson Parish, Louisiana.

## COUNT I - VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT

12. MR. FULTZ realleges and reavers Paragraphs 1 - 11 as if they were expressly restated herein.

13.   The Property is a place of public accommodation, subject to the ADA, generally located at: 5029-5037 Lapalco Boulevard, Marrero, Louisiana 70072.

14.   Upon information and belief, MR. FULTZ has visited the Property numerous times and desires to visit the Property again in the near future. MR. FULTZ lives only two (2) miles away from the Property.

15.   MR. FULTZ regularly visits the Property to pay his Cox cable bill and he intends on continuing to visit the Property to pay his Cox cable bill in the future.

16.   During his visits, MR. FULTZ experienced serious difficulty accessing the goods and utilizing the services offered at the Property due to the architectural barriers as discussed in Paragraph 21.

17.   MR. FULTZ continues to desire to visit the Property, but fears that he will continue to experience serious difficulty due to the barriers discussed in Paragraph 21 which still exist.

18.   The barriers discussed below in Paragraph 21 are excluding MR. FULTZ from the programs and activities offered the Property.

19.   MR. FULTZ plans to and will visit the Property in the future as a patron and also as an ADA tester to determine if the barriers to access alleged herein have been modified.

20.   MR. FULTZ presently fears that he will encounter the mobility-related barriers which exist at the Property when he returns to the Property in the near future.

21.   Upon information and belief, DEFENDANT is in violation of 42 U.S.C. § 12181 *et seq*. and 28 C.F.R. § 36.302 *et seq*. and the Property is not accessible due to, but not limited to the following barriers which presently exist at the Property:

      I.   UPON INFORMATION AND BELIEF, THE FOLLOWING BARRIERS

ARE ALLEGED TO BE THE RESPONSIBILITY OF DEFENDANT:

      A.     Near Fit Blendz there is an accessible-designated parking space which is not adjacent to a curb ramp or curb cut onto the promenade of the Property.

      B.     Along the promenade of the Property from Fit Blendz to Ace Cash, there is an excessive cross slope in the accessible route.

      C.     Near the uniforms store, the curb cut has an excessive cross slope.

      D.     Near the Sushi restaurant, there is an accessible-designated parking space which is not adjacent to a curb ramp or curb cut onto the promenade of the Property.

      E.     There are accessible-designated parking spaces which are missing the required vertical signage.

      F.     There are accessible-designated parking spaces which have an excessive cross slope.

      G.     Other current mobility-related barriers and violations of the Americans with Disabilities Act to be identified after a complete inspection of the Property;

22.    MR. FULTZ continues to desire to visit the Property, but will continue to experience serious difficulty until the barriers discussed in Paragraph 21 are removed.

23.    MR. FULTZ intends to and will visit the Property to utilize the goods and services in the future, but fears that DEFENDANT will continue to discriminate against him by failing to modify the barriers at the Property.

24.     Upon information and belief, all barriers to access and ADA violations still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA, even though removal is readily achievable.

25.     Upon information and belief, removal of the discriminatory barriers to access located on the Property is readily achievable, reasonably feasible, and easily accomplished, and would not place an undue burden on DEFENDANT.

26.     Upon information and belief, removal of the barriers to access located on the Property would provide MR. FULTZ with an equal opportunity to participate in, or benefit from, the goods, services, and accommodations which are offered to the general public at the Property.

27.     Upon information and belief, DEFENDANT has failed to adopt any alternatives to barrier removal which would provide MR. FULTZ with access to the accommodation which are offered for public use at the Property.

28.     Independent of his intent to return as a patron to the Property, MR. FULTZ additionally intends to return as an ADA tester to determine whether the barriers to access stated herein have been remedied.

29.     MR. FULTZ has retained the undersigned counsel and is entitled to recover reasonable attorneys' fees, costs and litigation expenses from Defendant pursuant to 42 U.S.C. § 12205.

        WHEREFORE, MR. FULTZ demands judgment against DEFENDANT, and requests the following injunctive and declaratory relief:

A.    That this Court declare that the Property owned, leased, and/or operated by

DEFENDANT is in violation of the ADA;

B.    That this Court enter an Order directing DEFENDANT to alter the Property to

make it accessible to and useable by individuals with mobility disabilities to the full

extent required by Title III of the ADA;

C.    That this Court award reasonable attorneys' fees, costs (including expert fees), and

other expenses of suit, to MR. FULTZ; and

D.    That this Court award such other and further relief as it deems necessary, just and

proper.

Respectfully Submitted,


THE BIZER LAW FIRM
Attorneys for Plaintiff
Andrew D. Bizer (LA # 30396)
andrew@bizerlaw.com
Garret S. DeReus (LA # 35105)
gdereus@bizerlaw.com
Amanda K. Klevorn
aklevorn@bizerlaw.com (LA # 35193)
3319 St. Claude Ave.
New Orleans, LA 70117
T: 504-619-9999; F: 504-948-9996

By:/s/ Garret S. DeReus
     Garret S. DeReus